# No. 17-70826

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### ROBERT TALBOT,

Petitioner-Appellant,

v.

### COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

## ON APPEAL FROM THE DECISION OF THE
## UNITED STATES TAX COURT

## BRIEF FOR THE APPELLEE

DAVID A. HUBBERT
  *Acting Assistant Attorney General*

THOMAS J. CLARK        (202) 514-9084
GRETCHEN M. WOLFINGER  (202) 616-7611
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

15720466.1

# TABLE OF CONTENTS

**Page**

Table of contents.............................................................................i
Table of authorities ..................................................................... iii
Statement of jurisdiction..............................................................1
Statement of the issue...................................................................3
Statement of the case ...................................................................4

    A.    Relevant procedural history ....................................4

    B.    Relevant facts ............................................................5

          1.    Talbot's federal income tax liabilities ...........5

          2.    Notices of deficiency........................................5

          3.    The CDP hearings and the notice of
              determination.................................................6

          4.    The Tax Court proceeding ..............................9

Summary of argument .........................................................12
Argument:

    The Tax Court correctly sustained the notice of
    determination ................................................................14

        Standard of review ...............................................14

    A.    The statutory framework for CDP administrative
        proceedings and judicial review .............................15

    B.    The Tax Court correctly held that Talbot was precluded
        from challenging his underlying liabilities in this CDP
        proceeding.............................................................19

-ii-

**Page**

C.     The Tax Court correctly found that the IRS mailed the
notices of deficiency to Talbot's last-known address ............ 21

Conclusion ...................................................................................... 28
Statement of related cases ............................................................ 29
Certificate of compliance .............................................................. 30
Certificate of service ..................................................................... 31

# TABLE OF AUTHORITIES

**Cases:**

*Bigley v. Commissioner,*
    671 F. Appx. 992 (9th Cir. 2016) ..................................... 15, 17

*Brugnara v. Commissioner,*
    667 F. App'x. 250 (9th Cir. 2016) ......................................... 18

*Clarkson v. Commissioner,*
    664 F. App'x. 265 (3d Cir. 2016) ................................... 6, 23-25

*Cox v. Commissioner,*
    514 F.3d 1119 (10th Cir. 2008) ...................................... 17, 18

*Cropper v. Commissioner,*
    826 F.3d 1280 (10th Cir. 2016) ............................ 15, 22-24, 26

*Cyclone Drilling, Inc. v. Kelley,*
    769 F.2d 662 (10th Cir. 1985) ............................................. 26

*Day v. Commissioner,*
    2017 WL 2829143 (9th Cir. 2017) ........................................ 18

*Giamelli v. Commissioner,*
    129 T.C. 107 (2007) ............................................................ 17

*Heintz v. Commissioner,*
    2017 WL 1457028 (9th Cir. June 26, 2017) .............. 14-15, 18

*Holof v. Commissioner,*
    872 F.2d 50 (3d Cir. 1989) .................................................. 27

*Jones v. Commissioner,*
    338 F.3d 463 (5th Cir. 2003) ............................................... 17

*Kanofsky v. Commissioner,*
    618 F. App'x 48 (3d Cir. 2015) ....................................... 18-19

*Kindred v. Commissioner,*
    454 F.3d 688 (7th Cir. 2006) .......................................... 17, 19

*King v. Commissioner,*
    857 F.2d 676 (9th Cir. 1988) .......................................... 21, 22

*Living Care Alternatives of Utica, Inc. v. United States,*
    411 F.3d 621 (6th Cir. 2005) .......................................... 17, 19

*McPartlin v. Commissioner,*
    653 F.2d 1185 (7th Cir. 1981) ............................................. 27

*Mulder v. Commissioner,*
    855 F.2d 208 (5th Cir. 1988) ............................................... 27

-iv-

| Cases (cont'd): | Page(s) |
|---|---|

*Mulvania v. Commissioner,*
   769 F.2d 1376 (9th Cir. 1985) ........................................26

*O'Rourke v. United States,*
   587 F.3d 537 (2d Cir. 2009) ........................................22-24

*Powell v. Commissioner,*
   958 F.2d 53 (4th Cir. 1992) ........................................27

*Roberts v. Commissioner,*
   329 F.3d 1224 (11th Cir. 2003) ...............................16, 17

*Robinette v. Commissioner,*
   439 F.3d 455 (8th Cir. 2006) ........................................18

*Robinson v. United States,*
   920 F.2d 1157 (3d Cir. 1990) ........................................27

*Roszkos v. Commissioner,*
   850 F.2d 514 (9th Cir. 1988) ........................................26

*Sicker v. Commissioner,*
   815 F.2d 1400 (11th Cir. 1987) ........................................27

*Terrell v. Commissioner,*
   625 F.3d 254 (5th Cir. 2010) ........................................27

*United States v. Ahrens,*
   530 F.2d 781 (8th Cir. 1976) ........................................23

*United States v. Zolla,*
   857 F.2d 676 (9th Cir. 1988) ........................................23

*Welch v. United States,*
   678 F.3d 1371 (Fed. Cir. 2012) ...............................22-24

*Zapara v. Commissioner,*
   652 F.3d 1042 (9th Cir. 2011) ........................................16

*Zepeda v. Commissioner,*
   623 F. App'x. 484 (9th Cir. 2015) ........................................18

**Statutes:**

5 U.S.C. § 551 *et seq.* ........................................16

15720466.1

-v-

| Statutes (cont'd): | Page(s) |
|---|---|

Internal Revenue Code (26 U.S.C.):

§ 6020(b) .......................................................................... 5

§ 6212(a) ................................................................... 21, 22

§ 6212(b) ........................................................................ 21

§ 6213(a) ........................................................................ 21

§ 6320 ........................................................................ 1, 15

§ 6320(a) ........................................................................ 7

§ 6320(a)(1) .................................................................. 15

§ 6320(b)(1) .................................................................. 16

§ 6320(c) ................................................................... 2, 15

§ 6321 ........................................................................... 15

§ 6323 ........................................................................... 15

§ 6330 ........................................................................ 1, 15

§ 6330(a) ........................................................................ 7

§ 6330(a)(1) .................................................................. 15

§ 6330(b)(1) .................................................................. 16

§ 6330(c) ................................................................... 16, 22

§ 6330(c)(1) .................................................................. 21

§ 6330(c)(2)(A) .............................................................. 17

§ 6330(c)(2)(B) ................................................... 17, 19, 22

§ 6330(d)(1) ............................................................ 2, 4, 18

§ 6330(e)(1) .................................................................. 16

§ 6331(a) ........................................................................ 15

§ 7442 ............................................................................. 2

§ 7482(a) .......................................................................... 3

§ 7483 ............................................................................. 2

§ 7502(a) .......................................................................... 3

15720466.1

**Regulations:**

Treasury Regulations (26 C.F.R.):

§ 301.6320-1(d)(2) (Q&A-D6) ................................................ 16
§ 301.6320-1(d)(2) (Q&A-D8) ................................................ 18
§ 301.6320-1(e)(1) .......................................................... 17, 18
§ 301.6320-1(e)(3) (Q&A-E8(i)) ........................................... 18
§ 301.6320-1(f)(2) (Q&A-F3) ..................................... 17, 18, 20
§ 301.6330-1(d)(2) (Q&A-D6) ................................................ 16
§ 301.6330-1(d)(2) (Q&A-D8) ................................................ 18
§ 301.6330-1(e)(1) .......................................................... 17, 18
§ 301.6330-1(e)(3) .............................................................. 18
§ 301.6330-1(e)(3) (Q&A-E8(i)) ........................................... 18
§ 301.6330-1(f)(2) (Q&A-F3) ..................................... 17, 18, 20

**Miscellaneous:**

Federal Rule of Appellate Procedure 13(a)(1) ................................. 2

15720466.1

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## No. 17-70826

## ROBERT TALBOT,

### Petitioner-Appellant,

### v.

## COMMISSIONER OF INTERNAL REVENUE,

### Respondent-Appellant.

---

## ON APPEAL FROM THE DECISION OF THE
## UNITED STATES TAX COURT

---

## BRIEF FOR THE APPELLEE

---

## STATEMENT OF JURISDICTION

Following collection-due-process (CDP) hearings, the IRS Office of Appeals issued a notice of determination under Internal Revenue Code (I.R.C. or Code) (26 U.S.C.) §§ 6320 and 6330 to Robert Talbot (Talbot) on March 5, 2014. The notice upheld proposed liens and levies seeking to collect Talbot's unpaid federal income tax liabilities for 2001, 2003,

15720466.1

-2-

2004, and 2005.  (SER 32-38.)[1]  On March 31, 2014, Talbot submitted a letter to the Tax Court, which the court treated as a timely, albeit imperfect, petition for review of the notice of determination. (*See* Doc. 1.)  The Tax Court had jurisdiction under I.R.C. §§ 6320(c), 6330(d)(1), and 7442.

Following a trial, the Tax Court, on October 17, 2016, issued a memorandum opinion in favor of the Commissioner upholding the proposed liens and levies.  (ER 2-23.)  On December 14, 2016, the Tax Court entered a decision in the case.  (SER 1.)  The decision disposed of all claims of all the parties.

Talbot's notice of appeal was due to be filed within 90 days after entry of the decision.  I.R.C. § 7483; Fed. R. App. P. 13(a)(1).  Although the notice of appeal was not filed until March 17, 2017, the 93d day after decision was entered, it is treated as timely filed under I.R.C.

---

[1] "Br." references are to Talbot's brief.  "Doc." references are to the documents in the record as numbered by the Clerk of the Tax Court. "ER" references are to the excerpts of record filed by Talbot. "SER" references are to the supplemental excerpts of record submitted with appellee's brief.  Citations to the trial transcript are to the page and line numbers.

-3-

§ 7502(a) because it bore a timely postmark dated March 10, 2017. (ER 1; *see also* Doc. 46.) This Court has jurisdiction under I.R.C. § 7482(a).

## STATEMENT OF THE ISSUE

The overriding issue is whether the Tax Court correctly sustained the IRS Appeals Office's determination that the IRS could proceed with collecting Talbot's unpaid 2001 and 2003-2005 federal income tax liabilities. Two subsidiary issues are implicated on Talbot's appeal:

First, a taxpayer may challenge his underlying tax liability in a CDP proceeding if (i) he did not receive a notice of deficiency with respect to the liability, *and* (ii) he provided the IRS settlement officer with evidence regarding the liability after being given a reasonable time to do so. The first issue is whether Talbot satisfied the requirements for challenging his liability in this CDP proceeding.

Second, to sustain a lien and levy in a CDP proceeding, the IRS Appeals Office must verify that all applicable requirements of law have been satisfied. One of those requirements is that, before assessing a deficiency, the IRS mail a notice of deficiency to the taxpayer's last-known address. The second issue is whether the IRS abused its

discretion when it found that the Appeals Office complied with this requirement.

## STATEMENT OF THE CASE

### A. Relevant procedural history

Talbot filed a petition with the Tax Court pursuant to I.R.C. § 6330(d)(1) seeking review of the IRS Appeals Office's determination upholding proposed liens and levies seeking to collect his unpaid 2001 and 2003-2005 federal income taxes. (SER 32-38.) Talbot amended his petition three times, and it is his third amended petition that is at issue. (SER 39-41.)

Following a trial (*see* Doc. 43 (transcript)), the Tax Court issued a memorandum opinion (ER 2-23) and entered a decision (SER 1). The Tax Court found for the Commissioner, upholding the proposed liens and levies for the tax years at issue. (ER 2-23.)

Although the court, in its memorandum opinion, found for the Commissioner with regard to tax years 2001 and 2003-2005, the decision it entered referenced only tax years 2001, 2003, and 2005. (SER 1.) In an obvious typographical error, tax year 2004 was omitted

-5-

from the decision. (*Id*.) This brief addresses all of the tax years that are at issue – 2001 and 2003-2005.

### B.    Relevant facts

#### 1.    Talbot's federal income tax liabilities

Talbot did not file federal income tax returns for any of the years at issue: 2001 and 2003-2005. The IRS prepared substitutes for returns for him, as it was permitted to do by I.R.C. § 6020(b), based on the information that was available to it. The IRS determined that Talbot's tax liabilities for those years totalled approximately $180,000. (*See* Doc. 42, Exs. 1-J, 2-J.)

#### 2.    Notices of deficiency

On January 12, 2009, the IRS mailed Talbot three notices of deficiency, one each for 2003, 2004, and 2005. (ER 26-27, 28-29, 30-31.) On November 6, 2009, the IRS mailed Talbot a notice of deficiency for 2001. (ER 24-25.) Each of the notices was mailed to Talbot's then current address – 3592 East Wanamingo Drive, Wasilla, Alaska. (*Id*.)

The IRS submitted copies of the deficiency notices to the Tax Court. The IRS also submitted copies of U.S. Postal Service forms supporting its contention that it mailed the notices to Talbot's last-known address. For the notice of deficiency for 2001, the IRS completed

a PS Form 3877 (certified mailing list), which shows that the notice was sent by certified mail to the Wanamingo Drive address. The PS Form 3877 bears a stamp from the Denver, Colorado, U.S. Postal Service (USPS) office and the signature of the USPS Postmaster, and lists the number of pieces of mail received at the USPS office. (ER 32.)

For the notices of deficiency for the 2003-2005 tax years, the IRS prepared a Substitute USPS Form 3877 (IRS certified mailing list).[2] This form shows that the notices for these three years were mailed by certified mail to Talbot's Wanamingo Drive address. It bears a date stamp and signature from the IRS office in Ogden, Utah, and the same date and tracking number as the corresponding notices of deficiency. (ER 33.)

### 3. The CDP hearings and the notice of determination

Talbot failed to pay his delinquent taxes, and so the IRS sent him two final notices of intent to levy and two notices of federal tax lien with regard to the tax years at issue. (Doc. 42, Exs. 1-J, 2-J, 3-J, 4-J.) In

---

[2] A substitute USPS Form 3877 is "a privately generated [in this case, by the IRS] bulk version of the certified mail receipt." *Clarkson v. Commissioner,* 664 F. App'x. 265, 267 (3d Cir. 2016).

response, Talbot timely filed two requests for a collection-due-process (CDP) hearing. *See* I.R.C. §§ 6320(a), 6330(a). (*Id.*, Exs. 6-J, 7-J.) In his hearing requests, Talbot requested a face-to-face hearing and stated that he wished to address the following issues: (i) whether the IRS followed all proper procedures; (ii) whether he was liable for the assessed tax; (iii) whether he should be held liable for the penalties that had accrued on his tax liabilities; and (iv) whether collection alternatives were available to him. Talbot also stated that he wished to address the underlying tax liabilities, which, he asserted, he had not had a prior chance to contest. (*Id.*)

On November 7, 2013, the IRS settlement officer who was conducting the CDP hearing sent Talbot two letters scheduling a telephone CDP hearing for December 4, 2013. (SER 4-10, 17-23.) The letters informed Talbot that he did not qualify for a face-to-face hearing because he had not filed income tax returns for 2001 and 2003-2005. The letters also informed him that since he did not recall receiving prior notices from the IRS concerning his liabilities, "Appeals will allow you to file your returns with all supporting documentation so that it may be

examined by Examination for any adjustments to your account to be considered." (SER 8, 21.)

On December 9, 2013, Talbot faxed a letter to the settlement officer, stating that he would be unable to participate in the telephone hearing, and repeating his request for a face-to-face hearing. (SER 11-12, 24-25; *cf.* Br. 5 (Talbot states that the "phone conference did not occur").) He also claimed that he had not received notices of deficiency for 2001 or 2003-2005. (*Id.*)

In reply to this letter, the settlement officer stated that Talbot had not provided the tax returns and financial documents previously requested, and informed him that he had an additional 14 days to provide the information. (SER 13-14, 30-31.) Talbot never provided any of the requested information.

On March 5, 2014, the Office of Appeals issued a notice of determination sustaining the notices of federal tax lien and the proposed levies to collect Talbot's 2001 and 2003-2005 income tax liabilities. (SER 32-38.) In the notice, the settlement officer verified that all the requirements of applicable law and administrative procedure had been met. Specifically, the settlement officer stated that

15720466.1

-9-

she had reviewed the certified mailing list (with respect to 2003-2005) and copies of the notices of deficiency to verify that the notices of deficiency were properly mailed.  (SER 36-37.)  The settlement officer also noted that Talbot had provided no information that would have allowed the IRS to consider collection alternatives and that he could not contest his underlying tax liability because he had received statutory notices of deficiency that he did not challenge in court.  (SER 37-38.)

### 4.    The Tax Court proceeding

Before the Tax Court, Talbot contended that the Commissioner: (i) failed to meet all applicable requirements; (ii) failed to provide him with a fair and impartial CDP hearing; (iii) erred by not allowing him to challenge the underlying tax liabilities because he had not received any notices of deficiency for the years at issue; (iv) erred by not allowing him to dispute the tax assessments; (v) failed to provide him with requested documents; (vi) failed to provide him with admissible evidence that would support the claims to the alleged tax; (vii) denied him the opportunity to audio record the CDP hearings; and (viii) denied him face-to-face CDP hearings.  (SER 39-41.)

The trial focused on Talbot's claim that he had not received the notices of deficiency. (*See* Doc. 43 (transcript).) Talbot testified on his own behalf, and identified what he saw as deficiencies in the certified mailing lists. As to the 2001 certified mailing list (ER 32), he claimed that it lacked the required IRS and Postal Service employee signatures and was not signed with a name by the Postmaster, only initials. (Doc. 43, 8:18 – 9:1.) As to the mailing list for 2003-2005 (ER 33), Talbot also testified that it lacked a Postal Service stamp and employee signature. (*Id.,* 19:5-15.)

Following the trial, the Tax Court ruled in favor of the Commissioner, and sustained the notice of determination. The court held that Talbot was not permitted to challenge his underlying tax liability because the IRS settlement officer had given him the opportunity in the CDP proceeding to submit evidence regarding his liabilities, but he had failed to do so. (ER 13-14.)

With regard to the settlement officer's verification that all applicable regulations and laws had been met, the Tax Court determined that the IRS properly had mailed the notices of deficiency to Talbot. In reaching this conclusion, the court relied on the certified

-11-

mailing lists submitted by the Commissioner as evidence of those mailings, stating that compliance with PS Form 3877 or equivalent procedures raised a presumption of official regularity. The court also relied upon the copies of the notices of deficiency that the IRS submitted and that also showed Talbot's correct address. In contrast, the court noted that Talbot had introduced no evidence to contradict those mailing lists, such as that the address to which the notices were mailed was incorrect, and relied only on his claim that he had not received the notices. (ER 14-17.)

The court also held that the Appeals Office did not err when it declined to afford Talbot a face-to-face hearing. Not only were such hearings not required, the court stated, but Talbot was not entitled to one because he had failed to file tax returns. (ER 18.)

The Tax Court also rejected Talbot's remaining claims. It concluded that the CDP hearings were fair and impartial, noting that the settlement officer had no prior involvement in Talbot's tax matters for the years at issue and that the settlement officer was not required to provide Talbot with any admissible evidence to support her determination. (ER 19-20.)

-12-

## SUMMARY OF ARGUMENT

The Tax Court correctly sustained the notice of determination. It correctly held both that Talbot was precluded from challenging his underlying liabilities in this CDP proceeding, and that the IRS had mailed notices of deficiency to his last-known address.

Although Talbot stated in his CDP hearing request that he did not receive any notices of deficiency, and therefore sought to challenge his underlying liabilities, he never submitted his delinquent tax returns or any supporting financial documentation to the settlement officer, despite being given a reasonable opportunity to do so. Pursuant to the applicable Treasury regulation, Talbot's failure to provide this information barred him from further challenging his liabilities, and resulted in the Tax Court's correctly concluding that his underlying liabilities were not before the court.

In a CDP proceeding, the Appeals Office must obtain verification that the requirements of any applicable law have been met. On this appeal, Talbot has placed in issue only one legal requirement – whether the IRS mailed the notices of deficiency for the years 2003-2005 to his last-known address.

There is no dispute that the Commissioner produced the notices of deficiency for these years. Talbot alleges that the substitute Form 3877, which establishes proof of mailing, is defective, because it lacked the signature of a Postal Service employee, the date of receipt, and acknowledgement of the number of items received, and it was missing the signature of the IRS employee who prepared the notices of deficiency. These defects are minor, and do not undermine the validity of the substitute Form 3877.

The missing signature of the IRS employee that prepared the notices of deficiency is certainly minor, if not immaterial. The Commissioner produced the notices of deficiency, which establishes beyond doubt that the notices were prepared.

With regard to the actual mailing, the certified mail numbers on the substitute Form 3877 correspond with the certified mail numbers on the notices of deficiency. The form has been date-stamped by the IRS and that date-stamp was signed by an IRS employee. The date stamp corresponds to the dates on the notices of deficiency. Courts have held that this evidence is sufficient to establish proof of mailing, without corroborating evidence from the Postal Service.

-14-

Talbot's bare assertion of non-receipt was insufficient to contravert this evidence of mailing. Whether Talbot received the notices of deficiency has no bearing on the validity of the assessments. Moreover, the cases that Talbot cites are not only not to the contrary, but they support the Commissioner's position. In those cases, the taxpayer provided evidence of why mail was not received. In short, the Appeals Office did not abuse its discretion when it found that the notices of deficiency were properly mailed to Talbot's last-known address.

The Tax Court's decision should be affirmed.

## ARGUMENT

### The Tax Court correctly sustained the notice of determination

#### Standard of review

In a CDP case, where the underlying tax liability is not at issue, the Tax Court reviews the IRS Appeals Office's determination for an abuse of discretion. This Court reviews *de novo* the Tax Court's decision on whether there was an abuse of discretion. *E.g., Heintz v.*

-15-

*Commissioner*, 2017 WL 1457028 (9th Cir. June 26, 2017); *Bigley v.*

*Commissioner*, 671 F. Appx. 992 (9th Cir. 2016).[3]

### A. The statutory framework for CDP administrative proceedings and judicial review

If a taxpayer neglects or refuses to pay a tax after assessment and

notice and demand, the IRS may collect the tax administratively by

filing notices of federal tax lien and by levying upon the taxpayer's

property.  I.R.C. §§ 6321, 6323, 6331(a).

Sections 6320 and 6330 of the Internal Revenue Code were

enacted to provide certain procedural safeguards in connection with the

IRS's administrative collection efforts.[4]  Under I.R.C. §§ 6320(a)(1), the

IRS must, within five days after filing a notice of federal tax lien, notify

the taxpayer of his right to a CDP hearing.  Under 6330(a)(1), the IRS

must, not less than 30 days before levying on the taxpayer's property,

---

[3] The Tenth Circuit likewise recently held that in CDP cases it applies the same standard of review as the Tax Court.  Thus, where the underlying tax liabilities are not at issue, it reviews the Appeals Office's "administrative determinations unrelated to the amount of tax liability for abuse of discretion."  *Cropper v. Commissioner*, 826 F.3d 1280, 1284 (10th Cir. 2016).

[4] Pursuant to I.R.C. § 6320(c), the conduct of a CDP hearing and the judicial review of a notice of determination regarding a federal tax lien are governed by the specified provisions of § 6330.

notify the taxpayer of his right to request such a hearing. If the taxpayer submits a timely written request, the taxpayer will be entitled to a CDP hearing with the IRS Office of Appeals. I.R.C. §§ 6320(b)(1), 6330(b)(1). The collection action that is the subject of the CDP hearing is suspended while administrative and judicial proceedings are pending. I.R.C. § 6330(e)(1).

The purpose of the CDP hearing is to review the propriety of the IRS's proposed collection action. Proceedings before the Office of Appeals are informal. *Zapara v. Commissioner,* 652 F.3d 1042, 1044 n.1 (9th Cir. 2011); *see also Roberts v. Commissioner*, 329 F.3d 1224, 1228 (11th Cir. 2003) ("Testimony under oath is not taken and attendance or examination of witnesses is not compelled."); Treasury Regulation (Treas. Reg.) (26 C.F.R.) §§ 301.6320-1(d)(2), 301.6330-1(d)(2) (2012) (Q&A-D6) ("The formal hearing procedures required under the Administrative Procedure Act, 5 U.S.C. 551 *et seq*., do not apply to CDP hearings").

As part of the CDP hearing, the Office of Appeals must obtain verification that the requirements of applicable law or administrative procedure have been met. I.R.C. § 6330(c). This verification is usually

accomplished by the examination of IRS computer records, a practice repeatedly approved by the courts. *See, e.g., Jones v. Commissioner,* 383 F.3d 463, 466-67 (5th Cir. 2003); *Roberts*, 329 F.3d at 1228.

The taxpayer cannot challenge the existence or amount of the underlying tax liabilities if he received a notice of deficiency or otherwise had a prior opportunity to challenge the liability. I.R.C. § 6330(c)(2)(B); Treas. Reg. §§ 301.6320-1(e)(1), 301.6330-1(e)(1); *see also Bigley v. Commissioner*, 671 F. App'x. 992, 993 (9th Cir. 2016); *Cox v. Commissioner,* 514 F.3d 1119, 1124 (10th Cir. 2008); *Kindred v. Commissioner*, 454 F.3d 688, 694 n. 15, 699-700 (7th Cir. 2006); *Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 625 (6th Cir. 2005); *Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007). In a CDP proceeding where a taxpayer is permitted to challenge his underlying liability, but "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence," the issue has not been properly raised. Treas. Reg. §§ 301.6320-1(f)(2), 301.6330-1(f)(2) (Q&A-F3).

The taxpayer may raise issues relevant to collection of the unpaid tax, including offers of collection alternatives. I.R.C. § 6330(c)(2)(A);

-18-

Treas. Reg. §§ 301.6320-1(e)(1), 301.6330-1(e)(1), (3); *see also Cox v. Commissioner*, 514 F.3d 1119, 1124 (10th Cir. 2008); *Robinette v. Commissioner*, 439 F.3d 455, 458 (8th Cir. 2006). The IRS, however, will not consider collection alternatives unless the taxpayer can demonstrate that he has filed required returns and made certain required tax deposits. *See* Treas. Reg. §§ 301.6320-1(d)(2), 301.6330-1(d)(2) (Q&A-D8).

Following the CDP hearing, the Office of Appeals must send the taxpayer a notice of determination setting forth its findings and conclusions as to the issues appropriately raised by the taxpayer. Treas. Reg. §§ 301.6320-1(e)(3), 301.6330-1(e)(3) (Q&A-E8(i)). The taxpayer may seek judicial review of an adverse determination in the Tax Court. I.R.C. § 6330(d)(1).

In the Tax Court, the taxpayer may raise only those issues that were raised in the CDP hearing. Treas. Reg. §§ 301.6320-1(f)(2), 301.6330-1(f)(2) (Q&A-F3); *see Day v. Commissioner*, 2017 WL 2829143 (9th Cir. 2017); *Heintz*, 2017 WL 1457028; *Brugnara v. Commissioner*, 667 F. App'x. 250, 251 (9th Cir. 2016); *Zepeda v. Commissioner*, 623 F. App'x. 484, 484-85 (9th Cir. 2015); *see also Kanofsky v. Commissioner*,

-19-

618 F. App'x 48, 50 n.3 (3d Cir. 2015) (per curiam); *Living Care*

*Alternatives*, 411 F.3d at 625; *Kindred*, 454 F.3d at 696.

> **B.    The Tax Court correctly held that Talbot was precluded from challenging his underlying liabilities in this CDP proceeding**

As indicated, a taxpayer may challenge "the existence or amount

of the underlying liability for any tax period if the person did not receive

any statutory notice of deficiency for such tax liability or did not

otherwise have an opportunity to dispute such tax liability." I.R.C.

§ 6330(c)(2)(B). Because Talbot stated in his hearing request that he

did not receive any notices of deficiency for the years at issue, the IRS

settlement officer notified him, on November 7, 2013, that he could "file

[his] returns with all supporting documentation so that it may be

examined by Examination for any adjustments to your account to be

considered." (SER 8, 21.) After Talbot failed to respond, the settlement

officer informed him by letter dated December 11, 2013, that he had an

additional 14 days to provide the information. (SER 13-14, 26-27.)

Talbot, however, declined this opportunity. He never submitted

his delinquent returns or any supporting documentation to the

settlement officer. In its notice of determination, the Appeals Office

15720466.1

stated that it had allowed Talbot to "file your own returns to challenge the liability, [but] you did not file or support your position." (SER 33.)

The Tax Court correctly held that Talbot's failure to submit his returns with supporting documentation barred him from further challenging his liabilities. The applicable Treasury regulation provides that "[i]n seeking Tax Court review of a Notice of Determination, the taxpayer can only ask the court to consider an issue, including a challenge to the underlying tax liability, that was properly raised in the taxpayer's CDP hearing." Treas. Reg. § 301.6320-1(f)(2) (Q&A-F3). And, the regulation further provides, an issue is not properly raised if "the taxpayer fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." *Id.*

Because Talbot did not provide his delinquent returns or any supporting documentation to the settlement officer, the Tax Court correctly held that his "underlying liabilities are not before the Court." (ER 14.)

-21-

### C. The Tax Court correctly found that the IRS mailed the notices of deficiency to Talbot's last-known address

If, as here, the underlying liabilities in a CDP case are not properly at issue, the Tax Court reviews the IRS Appeals Office's notice of determination for an abuse of discretion. In the course of making its determination, the Appeals Office must obtain verification that the requirements of any applicable law have been met. I.R.C. § 6330(c)(1).

On this appeal, Talbot has placed in issue only one legal requirement. Before assessing a tax deficiency, the IRS must send by certified or registered mail a notice of the deficiency to the taxpayer's last-known address. I.R.C. §§ 6212(a) & (b). If the IRS fails to send this notice, it is barred from later assessing the deficiency. I.R.C. § 6213(a) ("no assessment of a deficiency * * * shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer"); *King v. Commissioner,* 857 F.2d 676, 679 (9th Cir. 1988). Talbot claims that the Tax Court erred below when it found that the IRS sent the required notices to his last-known address.[5]

---

[5] Talbot errs in asserting that an assessment is invalid if the taxpayer does not *receive* the notice of deficiency. (Br. 18: "the tax code

As indicated, as part of its obligation to verify that the requirements of applicable law or administrative procedure have been met, I.R.C. § 6330(c), the IRS Office of Appeals must determine whether a notice of deficiency was mailed to the taxpayer.

The IRS must prove that it mailed a deficiency notice to a taxpayer "'by competent and persuasive evidence.'" *Cropper*, 826 F.3d at 1285 (quoting *Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012)). Other circuits have held that the IRS is entitled to a rebuttable presumption of proper mailing if it (i) establishes the existence of a notice of deficiency and (ii) produces a properly completed PS Form 3877, Certified Mail List, showing that the notice of deficiency was sent. *See Cropper,* 678 F.3d at 1377; *O'Rourke v. United States*, 587 F.3d 537,

---

declares that if a tax debtor **DOES NOT RECEIVE** a notice of deficiency, he can have the tax assessment set aside and vacated"). But Talbot improperly conflates I.R.C. §§ 6212(a) and 6330(c)(2)(B). Section 6212(a) requires the IRS to mail the notice of deficiency to the taxpayer before assessing the tax. Section 6330(c)(2)(B) permits a taxpayer to challenge his underlying liability in a CDP proceeding if he did not *receive* the notice of deficiency. This Court has recognized (as have numerous other courts) that the taxpayer's receipt of a notice of deficiency is not a prerequisite to a valid assessment. *E.g., King*, 857 F.2d at 679 ("A notice of deficiency is valid, even if it is not received by the taxpayer, if it is mailed to the taxpayer's 'last known address.'")

-23-

540-41 (2d Cir. 2009) (per curiam); *Clarkson v. Commissioner*, 664 F. App'x. 265, 267 (3d Cir. 2016).

This Court, however, has not always required proof of the existence of a notice of deficiency. In *Zolla v. Commissioner*, 724 F.2d 808, 810 (9th Cir. 1984), the notice of deficiency had been destroyed, but the IRS produced a copy of the Form 3877. The Court held that this form was "highly probative" and was "sufficient, in the absence of contrary evidence," to establish that the notice was mailed. *Id.* (citing *United States v. Ahrens*, 530 F.2d 781, 784–86 (8th Cir. 1976)).

If the presumption of proper mailing applies, the burden shifts to the taxpayer to rebut the presumption by contrary evidence. *Zolla,* 724 F.2d 808; *Clarkson*, 664 F. App'x. at 267-68; *see also Cropper*, 826 F.3d at 1285 (rebuttal "by clear and convincing evidence"); *see Ahrens*, 530 F.2d at 784-85 (Government's proof of mailing was "unrebutted").

The IRS is not entitled to the presumption, however, if it relies on a Form 3877 or its equivalent (in this case, the substitute Form 3877) with less than all of the information completed. *Cropper*, 826 F.3d at 1286; *see also Clarkson*, 664 F. App'x. at 268; *Welch,* 678 F.3d 1378-79; *O'Rourke*, 587 F.3d at 541. When there is no dispute over the existence

of a deficiency notice, but the IRS produces an incomplete Form 3877,

the IRS generally "'must come forward with evidence corroborating an

actual timely mailing of the notice of deficiency.'" *Cropper*, 826 F.3d

at 1286 (quoting *Welch*, 678 F.3d at 1378-79); *Clarkson,* 664 F. App'x. at

268. The IRS's proof of mailing of a deficiency notice is "otherwise

sufficient" where the IRS produces Forms 3877 with "minor" defects,

and the Forms "are date-stamped with the date they were submitted to

the Postal Service for mailing." *Cropper*, 826 F.3d at 1286; *Clarkson*,

664 F. App'x. at 268-69 (form had the "appropriate signature,

corresponds with a notice of deficiency elsewhere in the record, and

shows the date of mailing); *O'Rourke*, 587 F.3d at 541. Minor defects

that do not preclude reliance on Forms 3877 include that the Forms

"weren't signed by a postal service employee and didn't indicate how

many pieces of mail the postal service employee received." *Cropper*,

826 at 1286; *accord O'Rourke*, 587 F.3d at 540-41.

Here, there is no dispute that the Commissioner produced the

notices of deficiency for all the years at issue. (ER 24-31.) In addition,

Talbot has not contested that the Form 3877 was filled out correctly for

the 2001 notice of deficiency. *See* Br. 25-31.

It is only the substitute Form 3877 for 2003-2005 that Talbot

alleges is defective, because it lacked the signature of a Postal Service

employee, the date of receipt, and acknowledgement of the number of

items received, and it was missing the signature of the IRS employee

who prepared the notices of deficiency.  Br. 30.  These defects are minor,

and do not undermine the validity of the substitute Form 3877.

The missing signature of the IRS employee that prepared the

notices of deficiency is certainly minor, if not immaterial.  The

Commissioner produced the notices of deficiency, which establishes

beyond doubt that the notices were prepared.

With regard to the actual mailing, the certified mail numbers on

the substitute Form 3877 (ER 33) correspond with the certified mail

numbers on the notices of deficiency (ER 26, 28, 30).  The form has been

date-stamped by the IRS and that date-stamp was signed by an IRS

employee. (ER 33.)  The date stamp (ER 33) corresponds to the dates on

the notices of deficiency (ER 26, 28, 30).  Courts have held that this

evidence is sufficient to establish proof of mailing, without

corroborating evidence from the Postal Service.  *Clarkson*, 664 F. App'x.

at 268-69 (form had the "appropriate signature, corresponds with a

notice of deficiency elsewhere in the record, and shows the date of mailing); *Cropper*, 826 F.3d at 1286 ("we conclude that the IRS' proof of mailing is 'otherwise sufficient' here because the IRS produced copies of all three deficiency notices, the defects in the PS Forms 3877 are minor, and the Forms 3877 are date-stamped with the date they were submitted to the Postal Service for mailing").

Talbot makes the bare assertion that he did not receive the notices of deficiency. As explained above, whether Talbot received the notices of deficiency has no bearing on the validity of the assessments. The assessments are valid as long as the IRS mailed the notices to his last-known address. As just discussed, the record supports the Tax Court's conclusion that the IRS did so, and therefore the assessments are valid.

The cases that Talbot cites (*see, e.g.,* Br. 11-14) are not only not to the contrary, but they support the Commissioner's position. In those cases, the taxpayer provided evidence of why mail was not received. *See, e.g., Cyclone Drilling, Inc. v. Kelley*, 769 F.2d 662, 664 (10th Cir. 1985) (taxpayer had two different addresses); *Mulvania v. Commissioner*, 769 F.2d 1376 (9th Cir. 1985) (IRS used wrong address); *Roszkos v. Commissioner*, 850 F.2d 514 (9th Cir. 1988) (misaddressed

notice); *Mulder v. Commissioner*, 855 F.2d 208 (5th Cir. 1988) (mail sent to address used by IRS was returned undelivered); *McPartlin v. Commissioner*, 653 F.2d 1185 (7th Cir. 1981) (taxpayers had moved); *Powell v. Commissioner*, 958 F.2d 53 (4th Cir. 1992) (taxpayers had moved and mail returned); *Holof v. Commissioner*, 872 F.2d 50 (3d Cir. 1989) (mail sent to wrong address); *Sicker v. Commissioner*, 815 F.2d 1400 (11th Cir. 1987) (notice sent to ex-wife); *Terrell v. Commissioner*, 625 F.3d 254 (5th Cir. 2010) (prior mailing returned as undeliverable); *see also Robinson v. United States*, 920 F.2d 1157 (3d Cir. 1990) (procedural posture of the case required court to accept claim that no notice was sent).

In short, the Appeals Office did not abuse its discretion when it found that the notices of deficiency were properly mailed to Talbot's last-known address. Accordingly, it was not error for the Tax Court to conclude that the IRS mailed the notices of deficiency to Talbot's last-known address. On appeal, Talbot raises no other challenges to the Appeals Office's determination. The decision of the Tax Court therefore should be affirmed.

-28-

# CONCLUSION

The decision of the Tax Court is correct and should be affirmed.

Respectfully submitted,

DAVID A. HUBBERT
  *Acting Assistant Attorney General*

/s/ Gretchen M. Wolfinger

| | |
|---|---|
| THOMAS J. CLARK | (202) 514-9084 |
| GRETCHEN M. WOLFINGER | (202) 616-7611 |

  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

AUGUST 2017

-29-

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, counsel for the

Commissioner respectfully inform the Court that they are not aware of

any cases related to the instant appeal that are pending in this Court.

15720466.1

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements, and Type Style
Requirements of Federal Rule of Appellate Procedure 32(a)

Case No. ___17-70826___

    1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

      [X]  this brief contains <u>5,320</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

      [ ]  this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

    2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

      [X]  this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook, *or*

      [ ]  this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s) ___/s/ Gretchen M. Wolfinger___

Attorney for _appellee, the Commissioner_

Dated: ___August 11, 2017___

15720466.1

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 11, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

 /s/ Gretchen M. Wolfinger
GRETCHEN M. WOLFINGER
*Attorney*